UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE DAWSON,

    Petitioner,

v.                                      Case No. 1:14-cv-115

SHERRY BURT,                      HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Terrance Dawson, filed a petition for habeas corpus raising seven grounds for relief: (1) sufficiency of evidence; (2) right to face-to-face confrontation; (3) jury waiver; (4) right to confront accusser [*sic*]; (5) denial of due process; (6) denial of effective assistance of trial and appellate counsel; and (7) prosecutor failed to correct perjury. On August 1, 2017, Magistrate Judge Ray Kent issued a 37 page Report and Recommendation (R & R) recommending that the Court deny Dawson's petition for writ of habeas corpus. (ECF No. 39 at PageID.1935.)

The magistrate judge concluded that the claims related to the right to face-to-face confrontation, effective assistance of trial counsel, and the prosecutor's failure to correct perjury were procedurally defaulted, and Petitioner's other grounds were without merit. Petitioner filed an objection to the R & R on September 5, 2017. (ECF No. 40 at PageID.1976.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Petitioner's objections do not address all of the magistrate judge's findings and recommendations, and further review of

those objections is therefore deemed waived. *See, e.g.*, *Thrower v. Montgomery*, 50 F. App'x 262, 263-64 (6th Cir. 2002). For example, despite the clear demarcation of the two in the R & R, Petitioner conflates the R & R's findings regarding his ineffective assistance of trial counsel claim with his ineffective assistance of appellate counsel claim.. Petitioner also has failed to offer any evidence that many of his claims were not procedurally defaulted, i.e., proof that he had indeed pursued certain claims through the state court system.

Although Petitioner's objections are at times difficult to understand, it does not appear that he addressed the first three grounds of the magistrate judge's recommendation, i.e., the sufficiency of the evidence, the right to face-to-face confrontation of witnesses, and his waiver of a jury trial. Therefore, these claims are also deemed waived. The R & R also found that Petitioner failed to raise a few of his claims in the state courts, and Petitioner has merely asserted that that is not the case, without citing support. Regardless, the Court has reviewed the R & R on these issues and finds no error in its conclusions.

Petitioner objects to the R & R's conclusion that "the state court's decision to admit the preliminary examination testimony of [one of Petitioner's victims] was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent." (ECF No. 39 at PageID.1965.) Petitioner first argues that the preliminary examination testimony should have been excluded because its purpose was "merely to determine probable cause to proceed on the charged crime." A different standard of proof is no reason for Petitioner to have had a different opportunity and motive to cross-examine the witness—the facts relating to guilt and innocence are critical at all phases of a criminal case, including a preliminary examination. Additionally, as the R & R notes, defense counsel effectively used the opportunity to cross-examine the witness by addressing weaknesses in the witness's testimony. Among other things, this confrontation assists defense

counsel's preparation for trial. Petitioner also argues that he had no opportunity to examine the witness regarding the timing of the offense, but fails to produce or explain the evidence he alleges is exculpatory.

Petitioner makes repeated vague objections related to a supposed error in the trial transcript. As noted in the R & R, "[c]onclusory allegations, without evidentiary support, do not provide a basis for habeas relief." (ECF No. 39 at PageID.1969) (citing *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998)). The R & R adequately addressed his due process claims related to the transcript claim, noting that Petitioner's allegations are unsupported.

The R & R noted that Petitioner failed to raise his ineffective assistance of trial counsel claim in state court, therefore making it procedurally barred. Petitioner does not argue cause for excusing this default, and, therefore, cannot be a reason for setting aside the verdict. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1574 n.43 (1982). That is, Petitioner's objections do not overcome the state court's holding that his claim of ineffective assistance of appellate counsel was unsupported and meritless.

The R & R held that Petitioner's claim of prosecutorial misconduct fails because at no time did Petitioner actually argue that the prosecutor suborned the alleged perjury. Petitioner's objection is not pertinent and simply states that the R & R "resulted in an unreasonable determination based on the facts in light of the evidence presented in state court proceedings." (ECF No. 40 at PageID.1981.) The claim is also procedurally defaulted, a bar that Petitioner has not overcome.

After conducting a de novo review of the R & R, Petitioner's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued August 18, 2017 (ECF No. 39) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 40) is **OVERRULLED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

A separate judgment will issue.

Dated: October 19, 2017             /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE